**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

No. 23-4120

_____

UNITED STATES OF AMERICA,

>       Plaintiff - Appellee,

>    v.

BRETT LEONZA FREEMAN,

>       Defendant - Appellant.

_____

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:22-cr-00033-GMG-RWT-1)

_____

Submitted:  July 20, 2023                                    Decided:  July 25, 2023

_____

Before NIEMEYER and THACKER, Circuit Judges, and KEENAN, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**ON BRIEF**:  Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Lara Kay Omps-Botteicher, OFFICE OF THE UNITED STATES ATTORNEY, Martinsburg, West Virginia, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Brett Leonza Freeman pled guilty, pursuant to a written plea agreement, to conspiracy to possess with intent to distribute and to distribute cocaine hydrochloride and cocaine base, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C), 846. The district court sentenced Freeman to 48 months' imprisonment. On appeal, counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that there are no meritorious issues for appeal but questioning whether the district court imposed an unreasonable sentence by failing to adequately consider the policies issued by the U.S. Department of Justice addressing the crack-to-powder cocaine disparity in sentencing. Freeman has not filed a pro se supplemental brief, and the Government has elected not to file a brief. We affirm.

We review a sentence for reasonableness, applying "a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). This review entails consideration of both the procedural and substantive reasonableness of the sentence. *Id*. at 51. In determining procedural reasonableness, we consider whether the district court properly calculated the defendant's Sentencing Guidelines range, gave the parties an opportunity to argue for an appropriate sentence, considered the 18 U.S.C. § 3553(a) factors, and sufficiently explained the selected sentence. *Id*. at 49-51. If there are no procedural errors, we then consider the substantive reasonableness of the sentence, evaluating "the totality of the circumstances." *Id*. at 51. "Any sentence that is within or below a properly calculated [Sentencing] Guidelines range is presumptively reasonable," and this "presumption can only be rebutted by showing that the sentence is unreasonable

2

when measured against the 18 U.S.C. § 3553(a) factors." *United States v. Louthian*, 756 F.3d 295, 306 (4th Cir. 2014).

Here, the district court correctly calculated Freeman's advisory Guidelines range, heard argument from counsel, provided Freeman an opportunity to allocute, considered the § 3553(a) sentencing factors, and explained its reasons for imposing the chosen sentence. The court acknowledged Freeman's argument regarding the crack-to-powder cocaine sentencing disparity and ultimately determined that this issue—in combination with the other sentencing factors—warranted a downward variant sentence, albeit not as great a variance as Freeman requested. Consequently, we conclude that the court committed no procedural error in its determination of Freeman's sentence. Finally, because Freeman has not demonstrated that his term of imprisonment "is unreasonable when measured against the . . . § 3553(a) factors," he has failed to rebut the presumption of reasonableness accorded his below-Guidelines sentence. *Id*. We therefore conclude that Freeman's sentence is also substantively reasonable.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious grounds for appeal. We therefore affirm the district court's judgment. This court requires that counsel inform Freeman, in writing, of the right to petition the Supreme Court of the United States for further review. If Freeman requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Freeman. We dispense with oral argument because the

3

facts and legal contentions are adequately presented in the materials before this court and

argument would not aid the decisional process.

*AFFIRMED*